UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHANIE M. DUPUIS, et al., Plaintiffs, v. ZILLOW GROUP, INC., et al., Defendants. | CASE NO. C26-5049JLR<br>ORDER |

## I. INTRODUCTION

Before the court is the Zillow Defendants'[1] motion for reconsideration of the court's September 28, 2026 order denying Zillow's motion to dismiss Plaintiffs'[2] amended class action complaint. (MFR (Dkt. # 39); *see* 9/28/26 Order (Dkt. # 37).) The

[1] The Zillow Defendants are Zillow Group, Inc. ("Zillow Group"), Zillow Inc., Zillow Home Loans, LLC, Zillow Homes, Inc., Zillow Listing Services, Inc. (collectively "Zillow"). (*See* ACAC (Dkt. # 27) at 1.)

[2] The named Plaintiffs are Stephanie M. Dupuis, Sound Music I, Inc. ("Sound Music"), Brian Graham, and Anna Alvarez (together, "Plaintiffs").

court has considered Zillow's motion, the relevant portions of the record and the governing law. Being fully advised, the court DENIES Zillow's motion for reconsideration.

## II. ANALYSIS

A motion for reconsideration is an "extraordinary remedy . . . to be used sparingly[.]" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). "Indeed, 'a motion for reconsideration [of a court's prior order] should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also* Local Rules W.D. Wash. LCR 7(h)(1) ("Motions for reconsideration are disfavored" and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.").

Zillow argues that the court committed manifest error by relying on "several citations . . . [that] do not appear to support its rulings." (MFR at 1.) Specifically, Zillow moves for reconsideration on five points, each of which the court addresses independently below.

First, Zillow argues that *Bohr v. Tillamook Cnty. Creamery Ass'n*, 567 P.3d 413 (Or. 2025), does not support the court's finding that "[p]aid referral loops function as a transaction" under the Oregon Unlawful Trade Practices Act ("UTPA"). (MFR at 1;

9/28/26 Order at 28-29.) Zillow correctly notes that *Bohr* does not mention the specific phrase "paid routing networks" or paid real estate referrals. (MFR at 1.) *Bohr*, however, implies that a plaintiff sufficiently pleads a "transaction" for UTPA purposes when the plaintiff pays for goods or services, which is how Plaintiffs here allege they interact with Zillow. 567 P.3d at 415 (customers "purchasing products" was sufficient to survive motion to dismiss); (ACAC ¶¶ 29, 164 (real estate agents "pay for referrals," which Plaintiffs allege is the transaction in their UTPA claim)). Thus, the court DENIES reconsideration on this issue.

Second, Zillow asserts that the court "incorrectly conflate[d] Article III and antitrust standing" and committed manifest error by relying on *Mecinas v. Hobbs*, 30 F.4th 890 (9th Cir. 2022) to deny Zillow's motion to dismiss on antitrust standing. (MFR at 1-2.) The court did not conflate these two doctrines—in fact, it explicitly recognized they are distinct because "Article III standing governs constitutional justiciability, and antitrust standing addresses whether a plaintiff is a proper evaluator of statutory injury." (9/28/26 Order at 13.) And it cited *Mecinas* not as support for substantive antitrust standing issues, but rather to show that courts need not dismiss a case "at this stage" when one plaintiff has demonstrated standing. (*Id.* (citing *Mecinas*, 30 F.4th at 897).)

Indeed, Zillow has provided no "[b]inding authority" supporting its contention that dismissal is appropriate under these specific facts. (MFR at 1-2.) None of the cases Zillow cites are class actions. *See Atl. Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328 (1990) (single plaintiff); *Glen Holly Ent., Inc. v. Tektronix Inc.*, 343 F.3d 1000 (9th Cir.) (single plaintiff), *amended on denial of reh'g*, 352 F.3d 367 (9th Cir. 2003); *Am. Ad*

*Mgmt., Inc. v. Gen. Tel. Co. of California*, 190 F.3d 1051 (9th Cir. 1999) (two related plaintiffs). And two of the cited cases decided antitrust standing on summary judgment, showing that courts often evaluate it at later stages.[3] *See Atl. Richfield*, 495 U.S. at 333; *Am. Ad*, 190 F.3d at 1053. Accordingly, the court did not commit manifest error when it denied Zillow's motion to dismiss Plaintiffs' tying claim because Zillow does not contest Ms. Dupuis's standing. (*See* MFR at 2 (challenging antitrust standing only for Sound Music, Mr. Graham, and Ms. Alvarez on Plaintiffs' tying claim).) Additionally, Plaintiffs sufficiently pled that they suffered harm from the Section 1 violation alleged in the ACAC's Count Two. (*See* ACAC ¶¶ 103-111 (alleging this scheme causes Plaintiffs to pay "supracompetitive rates for Zillow leads and referrals" and that they are "forced to steer business" to Zillow's home lending solution instead of higher quality options).) Thus, the court DENIES reconsideration on antitrust standing.

Third, Zillow argues that the court erroneously relied on *In re Google Play Store Antitrust Litig.*, 147 F.4th 917, 949-50 (9th Cir. 2025), to "excuse Plaintiffs" from alleging "anticompetitive effects, such as increased costs, reduced output, or decreased quality, in the mortgage lending market." (MFR at 3 (citing *F.T.C. v. Qualcomm Inc.*, 969 F.3d 974 (9th Cir. 2020)).) This mischaracterizes the court's order. The court explicitly pointed to Plaintiffs' allegation that "Zillow blocks homebuyers from receiving information about superior third-party loan products by threatening to terminate agents

[3] As Plaintiffs pointed out in their response to the motion to dismiss, a more developed record may be particularly useful for an antitrust standing analysis where, as here, market dynamics are "complex." (Resp. (Dkt. # 32-1) at 7.)

who do not meet steering quotas." (9/28/26 Order at 20 (citing ACAC ¶ 75).) In other words, Plaintiffs alleged that Zillow's "coercive platform rules" resulted in decreased quality in the home lending and real estate referrals markets because agents can provide homebuyers with fewer options and lower-quality loan products—a dynamic also present in *Google Play*. (*Id.*); *see also Google Play*, 147 F.4th at 932 (affirming the jury's finding that Google violated the Sherman Act through coercive platform tactics). The court thus DENIES reconsideration on these grounds.

Fourth, Zillow takes issue with the court citing *PBTM LLC v. Football Nw., LLC*, 511 F. Supp. 3d 1158, 1178-82 (W.D. Wash. 2021), to support its conclusion that Plaintiffs plausibly allege an unfair trade practice under the WCPA based on their claim that Zillow's conduct violated the Sherman Act. (MFR at 3-4; 9/28/26 Order at 26.) Although Zillow is correct that *PBTM* addresses market definition, it also states that a court's analysis of "federal antitrust claims extends to its state law claims under the WCPA[.]" 511 F. Supp. 3d at 1178 (citing *State v. Black*, 676 P.2d 963, 967 (Wash. 1984)). Additionally, Zillow's invocation of *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 538 (Wash. 1986), is inapposite because the court separately addressed each element of the WCPA. (9/28/26 Order at 26.) Accordingly, the court DENIES Zillow's motion for reconsideration on Plaintiffs' WCPA claim.

Fifth, Zillow challenges the court's citations supporting its conclusion that Plaintiffs sufficiently pled unjust enrichment claims. (MFR at 4-5.) Specifically, of the three cases the court cited, Zillow asserts that "two of them do not address a 'mid-stream' exception [to the valid contract defense to unjust enrichment] and one rejects it[.]" (*Id.* at

4.) Even if true, Zillow fails to explain why this warrants the "disfavored" remedy of reconsideration. (*See* MFR at 4-5 (offering no reasoning as to why the purported improper citations justify reconsideration)); Local Rules W.D. Wash. LCR 7(h)(1).

Moreover, Zillow mischaracterizes the court's reliance on the challenged citations. Zillow is correct that *Young v. Young*, 191 P.3d 1258 (Wash. 2008), and *Janusz v. Gilliam*, 947 A.2d 560 (Md. App. Ct. 2008), "do not address a 'mid-stream' exception," but that does not mean they are unsupportive of the court's reasoning. (MFR at 4.) Although these cases do not use the phrase "mid-stream," they support the court's conclusion that unjust enrichment claims are proper in Washington and Maryland when the alleged conduct falls outside the boundaries of a contract or "transfer[s] significant uncompensated financial burdens onto the plaintiffs." (9/28/26 Order at 31); *Young*, 191 P.3d at 1262 (stating unjust enrichment is a proper claim in Washington to recover the value of a benefit acquired outside of a contract); *Janusz*, 947 A.2d at 567-68 (stating that Maryland courts allow unjust enrichment claims where the "express contract does not fully address the subject matter"). Additionally, Zillow's characterization of *Kizer Excavating Co. v. Stout Bldg. Contractors, LLC* as rejecting a mid-stream exception is plainly incorrect. 529 P.3d 1024 (Or. Ct. App. 2023). The court in *Kizer* held that the plaintiff was not entitled to judgment on its *quantum meruit* claim because the conduct "was within the scope of the parties' []contract;" the court did not conclude that the defendant acted extra-contractually as Plaintiffs allege Zillow did here. *Id.* at 888-89. Accordingly, the court DENIES Zillow's motion for reconsideration on unjust enrichment.

## III. CONCLUSION

In sum, the court finds that reconsideration is not warranted on any of the issues Zillow raises. Thus, the court DENIES Zillow's motion for reconsideration (Dkt. # 39).

Dated this 10th day of November, 2026.

# [signature] #

JAMES L. ROBART
United States District Judge