THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHANIE M. DUPUIS and SOUND MUSIC I INC., BRIAN GRAHAM, and ANNA ALVAREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZILLOW GROUP, INC., ZILLOW, INC., ZILLOW HOME LOANS, LLC, ZILLOW HOMES, INC., ZILLOW LISTING SERVICES, INC.,<br><br>Defendants. | Case No. 3:26-cv-05049-JLR<br><br>**ZILLOW'S ANSWER TO AMENDED CLASS ACTION COMPLAINT**<br><br>**<u>JURY DEMAND</u>** |



WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

Defendants Zillow Group, Inc., Zillow, Inc., Zillow Home Loans, LLC, Zillow Homes, Inc., and Zillow Listing Services, Inc. (collectively, "Defendants" or "Zillow"), by and through their undersigned attorneys, hereby state as follows in answering the Plaintiffs' Amended Class Action Complaint (Dkt. 27) ("ACAC"):

## ANSWER

Zillow reserves the right to amend this Answer based on information made available through discovery or further investigation. Unless specifically admitted below, Zillow denies each and every allegation, claim, and prayer for relief contained in the ACAC. Additionally, Zillow denies that any of the headings herein state facts or allegations to which a response is required. To the extent a response is required, Zillow denies any facts set forth in the headings. Further answering the specific allegations in the ACAC, Zillow states:

## RESPONSES TO NUMBERED PARAGRAPHS

### I. INTRODUCTION

1. Zillow admits that it offers real estate services that are available to consumers through its websites, including Zillow.com, and mobile phone apps. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 regarding Zillow's "control[]" of "internet traffic among those searching online for real estate listings," and on that basis denies this allegation. To the extent this allegation relies on the source cited in footnote 7 of the ACAC, that source speaks for itself. The remaining allegations in Paragraph 1 are legal conclusions to which no response is required. To the extent a response is required, Zillow denies the allegations of Paragraph 1 except as expressly admitted herein.

2. Zillow admits that consumers, such as potential homebuyers, and real estate agents alike use Zillow's services. The external publication cited in footnote 1 contains a broken link. Nevertheless, to the extent Plaintiffs are quoting Zillow's 10-K for the fiscal year ending December 31, 2025, that document speaks for itself. Zillow further admits that participants in its


WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

Premier and/or Preferred[1] programs can obtain connections to visitors of Zillow's real estate search portals who click on calls to action on Zillow's websites or apps. Whether Zillow holds significant market power is a legal conclusion to which no response is required; to the extent a response is required, Zillow denies the allegation. Except as expressly admitted herein, Zillow denies the remaining allegations in Paragraph 2.

3. Whether Zillow holds monopoly power is a legal conclusion to which no response is required; to the extent a response is required, Zillow denies the allegation. Zillow admits that, when a real estate agent who is either participating in the Preferred program or has previously participated in the Preferred program closes a referral fee eligible transaction with a lead originating from Zillow, Zillow is entitled to receive a percentage of the related commission. The external publication cited in footnote 2 speaks for itself. Zillow further lacks knowledge or information sufficient to form a belief about the truth of industry standard commission splits and on that basis denies that allegation. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 3.

4. Zillow admits that it requires participants in its Preferred program to use Follow Up Boss ("FUB"), which is a customer relationship management ("CRM") software platform, on a non-exclusive basis to manage connections received from Zillow—though participants are permitted to use other CRM software for Preferred connections (in addition to FUB) and for non-Preferred connections. Whether Zillow ties FUB to its "referral services" is a legal conclusion to which no response is required; to the extent a response is required, Zillow denies the allegation.

---

[1] Zillow denies Plaintiffs' definitions and characterizations of its "Premier" and "Preferred" programs. *See* ACAC ¶¶ 9, 29–30. Nevertheless, for purposes of this pleading only and for the Court's and the parties' convenience, Zillow uses "Premier" to refer to its program in which participants and/or their brokerages pay upfront for connections to Zillow users who have expressed an interest in homebuying on Zillow's websites or mobile apps. Zillow uses "Preferred" to refer to its Preferred program (previously known as "Flex"), an invite-only program for agents and teams in which participants can obtain connections to Zillow users who have expressed an interest in homebuying on Zillow's websites or mobile apps, and in which Zillow is entitled to receive a percentage of the related commission when a participant closes a referral-fee-eligible transaction with a lead originating from Zillow.


WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

Furthermore, the external publication cited in footnote 3 speaks for itself. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 4.

5. Zillow admits that it currently requires agents and/or teams participating in the Preferred program to comply with Zillow's performance standards, which may include a "Zillow Home Loans Pre-Approval Target" reflecting a target number of free, non-binding, non-exclusive ZHL pre-approvals. The last sentence of Paragraph 5 contains a legal conclusion to which no response is required; to the extent a response is required, Zillow denies the allegations of this sentence. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 5.

6. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6.

7. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7.

8. Zillow denies the allegations in Paragraph 8.

9. Zillow admits that some combination of Plaintiffs and/or their former brokerages participated in the Preferred program. Zillow further admits that part of the Preferred and Premier programs includes Zillow's facilitation of connections between agents and consumers who have expressed an interest in homebuying to Zillow. Zillow further admits that Premier agents and/or their brokerages pay Zillow upfront for such connections. Zillow denies that all Preferred agents directly pay Zillow a percentage of their commission from a successful real estate transaction. Zillow lacks knowledge or information sufficient to form a belief about whether its connections "are an important source of business for many agents and brokerages," and on that basis denies this allegation. Whether Zillow holds monopoly power in the "real estate search portal market" is a legal conclusion to which no response is required; to the extent a response is required, Zillow denies the allegation. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 9.

10. Zillow admits that Zillow Home Loans is a mortgage lender. Zillow also admits that it offers a proprietary CRM system, FUB, through which it can track some aspects of the performance of agents in the Preferred program. Zillow admits that connection volume for teams participating in the Preferred program can change based on the multiple Zillow Preferred performance standards, which may include a ZHL pre-approval target. Zillow lacks knowledge or information sufficient to form a belief that this results in “fewer or lower-value of sales and substantial financial loss,” and on that basis denies this allegation. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 10.

11. Zillow lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs’ beliefs and the reasons for those beliefs. Whether or not “[a]gents owe a duty to act in their clients’ best interest” is a legal conclusion to which no response is required; to the extent a response is required, Zillow denies those allegations. Furthermore, the external publication cited at footnote 4 contains a broken link. Nevertheless, to the extent Plaintiffs are quoting Zillow’s 10-K for the fiscal year ending December 31, 2025, that document speaks for itself. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 11.

12. Zillow lacks knowledge or information sufficient to form a belief about the truth of why Plaintiffs brought this action and on that basis denies that allegation. The remaining statements in Paragraph 12 contain legal conclusions to which no response is required. To the extent a response is required, Zillow denies the allegations of Paragraph 12.

## II. JURISDICTION AND VENUE

13. Zillow admits that this Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiffs assert claims under the Sherman Antitrust Act, 15 U.S.C § 1 et seq., and the Clayton Antitrust Act, 15 U.S.C. § 12 et seq. Paragraph 13 otherwise contains legal conclusions to which no response is required. To the extent a response is required, Zillow denies the allegations of Paragraph 13. Zillow denies that there is any basis for class certification.

14. Zillow does not contest personal jurisdiction or venue in this District. Zillow denies the remaining allegations in Paragraph 14.

## III. PARTIES

15. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.

16. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16.

17. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17.

18. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18.

19. Zillow avers that Zillow Group, Inc. is a Washington corporation and admits that its principal place of business is at 1301 Second Avenue, Floor 36, Seattle, Washington 98101. Zillow further admits that Zillow Group, Inc., is a publicly traded company. The external publication cited in footnote 5 speaks for itself. Zillow denies the remaining allegations in Paragraph 19.

20. Zillow admits that Zillow, Inc. is a Washington corporation and avers that its principal place of business is at 1301 Second Avenue, Floor 36, Seattle, Washington 98101. Zillow also admits that Zillow, Inc.'s ultimate parent company is Zillow Group, Inc. Zillow further admits that Zillow, Inc., itself or through its subsidiaries, has a real estate brokerage license in all 50 states and the District of Columbia. Zillow denies the remaining allegations in Paragraph 20.

21. Zillow admits that Zillow Home Loans, LLC ("ZHL") is a Kansas limited liability company with its principal offices at 2600 Michelson Drive, Suite 1201, Irvine, CA 92612. Zillow further admits that ZHL originates residential mortgages. Zillow further avers that ZHL's ultimate parent company is Zillow Group, Inc.


WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

22. Zillow admits that Zillow Homes, Inc., is a Delaware corporation and avers that its principal place of business is at 1301 Second Avenue, Floor 36, Seattle, Washington 98101. Zillow further admits that Zillow Homes maintains a real estate license in four states. Zillow denies the remaining allegations in Paragraph 22.

23. Zillow admits that Zillow Listing Services, Inc., is a Washington corporation and avers that its principal place of business is at 1301 Second Avenue, Floor 36, Seattle, Washington 98101. Zillow denies that Zillow Listing Services offers real estate services.

24. Zillow admits that the ACAC refers to the aforementioned entities collectively as "Zillow."

## IV. FACTUAL ALLEGATIONS

25. The external publications and materials cited in footnotes 6 through 11, as well as Figures 1 and 2, speak for themselves. Zillow otherwise denies the allegations in Paragraph 25.

26. Zillow admits that in 2011, it acquired Postlets; in 2012, it acquired Mortech and HotPads; in 2013, it acquired StreetEasy; and in 2014, it announced a $3.5 billion acquisition of Trulia. The external publications and materials cited in footnotes 12 through 16 speak for themselves. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 26.

27. The external publication cited in footnote 17 speaks for itself. Zillow otherwise denies the allegations in Paragraph 27.

28. Zillow admits that it acquired Mortgage Lenders of America in 2018 (which then became ZHL), ShowingTime in 2021, and FUB in 2023. The external publications cited at footnotes 18 through 21 speak for themselves. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 28.

29. The first sentence of Paragraph 29 is a legal conclusion to which no response is required; to the extent a response is required, Zillow denies the allegation. Zillow admits that participants in its Premier and/or Preferred programs can obtain connections to visitors of Zillow's real estate search portal who click on calls to action on Zillow's websites or apps. The



WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

external sources cited in footnote 22 and Figure 3 speak for themselves. Zillow admits that agents can purchase connections in the Premier program at the zip code level. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 29.

30. Zillow admits that the Preferred program was previously known as "Flex" and is currently invite-only for agents and teams. Zillow further admits that, when a real estate agent who is either participating in the Preferred program or has previously participated in the Preferred program closes a referral fee eligible transaction with a lead originating from Zillow, Zillow is entitled to receive a percentage of the related commission. However, Zillow denies that all agents themselves pay this commission share directly to Zillow. The external sources cited in footnotes 23 and 24 speak for themselves. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 30.

31. Zillow admits that it categorizes the Seattle metro area as Group 4 and the Bremerton-Silverdale and Portland, Oregon areas as Group 3. The external publications and materials cited in footnote 25 and Figure 4 otherwise speak for themselves. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 31.

32. The external sources cited in footnotes 26 and 27 speak for themselves. Zillow admits that agents do not pay upfront for connections by zip code in the Preferred program. Zillow further admits that it provides a coverage map for team leads whose teams participate in Preferred, which reflects various metrics at the zip code level. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 32.

33. Zillow admits that it is phasing out the Premier program. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations as to agents' expenditures and investments. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 33.

34. Zillow admits that it offers Zillow Showcase, which allows real estate agents to, among other benefits, boost their listings on Zillow's platform. The external source cited in

footnote 28 otherwise speaks for itself. Zillow further admits that connections from an agent's Showcase listing can be sent to the agent's FUB account and the agent can track that connection like any other real estate lead. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 34.

35. Whether Zillow's rates are supracompetitive is a legal conclusion to which no response is required; to the extent a response is required, Zillow denies the allegation. The external sources cited in footnotes 29 and 30 speak for themselves. Zillow otherwise denies the allegations in Paragraph 35.

36. Zillow admits that Zillow, Inc., itself or through its subsidiaries, has a real estate brokerage license in all 50 states and the District of Columbia. Zillow further admits that Zillow Homes, Inc. has a real estate brokerage license in four states. The external source cited in footnote 31 otherwise speaks for itself. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 36.

37. Zillow admits that it offers residential mortgage lending products through ZHL. The external sources cited in footnotes 32 through 35 speak for themselves. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 37.

38. Zillow admits that FUB is one way in which Zillow manages connections provided to agents in the Premier and Preferred programs. Zillow further admits that it previously delivered connections through the Zillow Premier App, which it offered to Premier and Preferred participants without a separately charged fee. Likewise, Zillow admits that in 2025, it began to require agents participating in its Preferred program to use FUB on a non-exclusive basis to manage Zillow leads they obtained through Preferred. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 38.

39. The external sources cited in footnote 36 and Figure 5 speak for themselves. Paragraph 39 contains legal conclusions to which no response is required. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 39.

40. Zillow admits that it made the statement quoted in the document cited to in footnote 37, which otherwise speaks for itself. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 40.

41. The external sources cited in footnote 38 and Figure 6 speak for themselves. Zillow otherwise denies the allegations in Paragraph 41.

42. The external source cited in footnote 39 speaks for itself. Zillow otherwise denies the allegations in Paragraph 42.

43. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 and on that basis denies them.

44. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 and on that basis denies them.

45. Zillow admits that the external source cited in footnote 40 includes the quotes "enhanced markets" and "integrated home-buying experience." The external source cited in footnote 40 otherwise speaks for itself. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiffs' perceptions and on that basis denies them. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 45.

46. Zillow admits that, in or around September 2025, it began to require agents participating in the Preferred program to use FUB on a non-exclusive basis to manage Zillow leads they obtained through Preferred but denies the remaining allegations in the first two sentences of Paragraph 46. Zillow further admits that, in certain months in which the Dupuis team was enrolled in Follow Up Boss's Pro Plan, the account holder was charged a standard rate of $499 plus taxes; Zillow lacks knowledge or information sufficient to form a belief as to whether these charges were paid directly by Plaintiff Dupuis, and on that basis denies that allegation. Moreover, the external source cited in Figure 7 speaks for itself. Zillow otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46, and on that basis denies those allegations.

47. Zillow admits that it offers learning modules on many of its policies and best practices to Preferred participants. The external sources cited in Figures 8 and 9 speak for themselves. Except as expressly admitted herein, Zillow lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 47, and on that basis denies those allegations.

48. Zillow lacks knowledge or information sufficient to form a belief about the truth of why Plaintiff Dupuis and her team "refused to steer clients to ZHL" and what Plaintiff Dupuis saw. Zillow admits that it has access to various data through FUB, including data related to Preferred agent compliance with program requirements. Moreover, the external source cited at Figure 10 speaks for itself. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 48.

49. The external source cited at Figure 11 speaks for itself. Zillow otherwise denies the allegations in Paragraph 49.

50. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 regarding the actions of Plaintiff Dupuis and her team members, and on that basis denies them. Zillow denies the remaining allegations in Paragraph 50.

51. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51, and on that basis denies them.

52. The external source cited at Figure 12 speaks for itself. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 52.

53. Zillow denies the allegations in Paragraph 53.

54. Zillow admits that Ms. Dupuis previously had access to Zillow Showcase and avers that this access was provided at no cost in her capacity as a Seller Connection partner. Zillow denies that it "terminated" her account as a punitive measure or on account of her


WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

compliance or non-compliance with ZHL pre-approval targets. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 54.

55. Zillow admits that new Preferred leads may be "tagged" in FUB with certain descriptions, but it denies that such tags "indicat[e] whether or not the client is financeable." Zillow denies that it has "coerce[d] Flex agents to steer clients to FUB." Zillow otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55, and on that basis denies them.

56. Zillow admits that Plaintiff Dupuis was allotted fewer connections in October 2025 than in September 2025. However, Zillow denies that this action was punitive or done for the purpose of "escalat[ing] its pressure" on her. Zillow denies the characterizations in the third sentence of Paragraph 56. Zillow otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 56, and on that basis denies them.

57. Zillow admits that it has in the past received a percentage of Plaintiff Dupuis' and her team's commissions from completed sales pursuant to the terms of the Preferred program. However, Zillow denies that Plaintiff Dupuis and her real estate agents personally made these payments directly to Zillow. Zillow further admits that the referral rates for certain transactions closed by Plaintiff Dupuis and her team in connection with the Preferred program were 35-40%, but denies that the referral rate was 35-40% for all transactions they closed in connection with the Preferred program. Zillow otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57, and on that basis denies them.

58. Zillow admits that Plaintiff Graham was a participant in the Preferred program in 2025. Except as expressly admitted herein, Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58, and on that basis denies them.

59. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59, and on that basis denies them.

60. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60, and on that basis denies them.

61. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61, and on that basis denies them.

62. Zillow denies that it applied pressure to any brokerage to steer clients to ZHL. To the extent Plaintiff Graham's allegations arise out of "a series of group chat messages," those "group chat messages" speak for themselves. Zillow otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 62, and on that basis denies them.

63. Zillow admits that the Preferred team with which Plaintiff Graham was associated in the 2025-2026 time period was allotted fewer connections in January 2026 than in March 2025 and connection volume for teams participating in the Preferred program can change based on the multiple Zillow Preferred performance standards, which may include a ZHL pre-approval target. Zillow lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 63, and on that basis denies them.

64. Zillow denies the allegations and characterizations in the first sentence of Paragraph 64. Zillow otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 64, and on that basis denies them.

65. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65, and on that basis denies them.

66. Zillow denies the allegations and characterizations in the second sentence of Paragraph 66. Zillow lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 66, and on that basis denies them.

67. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67, and on that basis denies them.



WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

68. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68, and on that basis denies them.

69. Zillow admits that Plaintiff Alvarez previously participated in the Preferred agent program but otherwise denies the allegations in the first sentence of Paragraph 69. Zillow denies that Plaintiff Alvarez paid referral fees directly to Zillow while participating in Zillow's Preferred program. Zillow lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 69, and on that basis denies them.

70. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70, and on that basis denies them.

71. Zillow denies that it "pressure[d]" brokerages or agents to "steer their clients to ZHL." Zillow lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 71, and on that basis denies them.

72. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72, and on that basis denies them.

73. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73, and on that basis denies them.

74. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74, and on that basis denies them.

75. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75, and on that basis denies them.

76. Zillow denies that it "moved all client calls to FUB." Zillow lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 76, and on that basis denies them.

77. Zillow denies the allegations and characterizations in the first sentence of Paragraph 77. Zillow lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 77, and on that basis denies them.


WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

78. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78, and on that basis denies them.

79. Zillow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79, and on that basis denies them.

## V. CLASS ALLEGATIONS

80. Zillow reiterates its responses to the preceding paragraphs of this Answer as if fully set forth herein.

81. Paragraph 81 is a legal conclusion to which no response is required. To the extent a response is required, Zillow denies the allegations in this Paragraph and denies that there is any basis for class certification.

82. Paragraph 82 and each of its subparts are legal conclusions to which no response is required. To the extent a response is required, Zillow denies the allegations in Paragraph 82 and its subparts and denies that there is any basis for class certification.

83. Paragraph 83 is a legal conclusion to which no response is required. To the extent a response is required, Zillow denies the allegations in this Paragraph and denies that there is any basis for class certification.

84. Paragraph 84 is a legal conclusion to which no response is required. To the extent a response is required, Zillow denies the allegations in this Paragraph and denies that there is any basis for class certification.

85. Paragraph 85 is a legal conclusion to which no response is required. To the extent a response is required, Zillow denies the allegations in this Paragraph and denies that there is any basis for class certification.

86. Paragraph 86 is a legal conclusion to which no response is required. To the extent a response is required, Zillow denies the allegations in this Paragraph and denies that there is any basis for class certification.

87. Paragraph 87 and each of its subparts are legal conclusions to which no response is required. To the extent a response is required, Zillow denies the allegations in this Paragraph and denies that there is any basis for class certification.

88. Paragraph 88 is a legal conclusion to which no response is required. To the extent a response is required, Zillow denies the allegations in this Paragraph and denies that there is any basis for class certification.

89. Paragraph 89 is a legal conclusion to which no response is required. To the extent a response is required, Zillow denies the allegations in this Paragraph and denies that there is any basis for class certification.

90. Paragraph 90 is a legal conclusion to which no response is required. To the extent a response is required, Zillow denies the allegations in this Paragraph and denies that there is any basis for class certification.

91. Paragraph 91 is a legal conclusion to which no response is required. To the extent a response is required, Zillow denies the allegations in this Paragraph and denies that there is any basis for class certification.

92. Paragraph 92 is a legal conclusion to which no response is required. To the extent a response is required, Zillow denies the allegations in this Paragraph and denies that there is any basis for class certification.

93. Paragraph 93 is a legal conclusion to which no response is required. To the extent a response is required, Zillow denies the allegations in this Paragraph and denies that there is any basis for class certification.

//

//

//

//

//



WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

## VI. CLAIMS FOR RELIEF

### COUNT ONE — SHERMAN ACT SECTION 1, 15 U.S.C. § 1

### (Tying)

### (Against all Defendants, on behalf of the Nationwide class)

94. Zillow reiterates its responses to the preceding paragraphs of this Answer as if fully set forth herein.

95. The first sentence of Paragraph 95 is a legal conclusion to which no response is required; to the extent a response is required, Zillow denies the allegation. Zillow admits that participants in its Premier and/or Preferred programs can obtain connections to visitors of Zillow’s real estate search portals who click on calls to action on Zillow's websites or apps. Zillow denies that it “controls 61% of daily traffic for online real estate search portals, beating its next closest competitor by as much as two to four times.” Zillow lacks knowledge or information sufficient to form a belief about the truth of whether it “is among the largest competitors in the real estate referrals market,” and on that basis denies this allegation. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 95.

96. Zillow admits that it requires participants in its Preferred program to use FUB on a non-exclusive basis for the purpose of managing connections received through Zillow Preferred and further states that participants are permitted to use other CRM software to manage Preferred connections (in addition to FUB) and for non-Preferred connections. Moreover, to the extent Plaintiffs are quoting the external publication cited in footnote 3, that document speaks for itself. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 96.

97. Zillow admits that consumers throughout the United States can access its websites and mobile apps. Zillow further admits that participants in its Premier and/or Preferred programs can obtain connections to visitors of Zillow’s real estate search portals who click on calls to action on Zillow's websites or apps. The allegations as to market definition are legal conclusions to which no response is required; to the extent a response is required, Zillow denies the

allegations in this Paragraph. Except as expressly admitted herein, Zillow denies the allegations of Paragraph 97.

98. Zillow lacks knowledge or information sufficient to form a belief about agents' wishes and preferences and the reasons for those wishes and preferences, and on that basis denies those allegations. Zillow admits that it previously delivered connections through the Zillow Premier App, which it offered to Premier and Preferred participants without a separately charged fee. Zillow admits that in 2025, it began to require agents participating in its Preferred program to use FUB on a non-exclusive basis to manage Zillow leads they obtained through Preferred. The remaining allegations in Paragraph 98 are legal conclusions to which no response is required. To the extent a response is required, Zillow denies those allegations.

99. The first sentence of Paragraph 99 is a legal conclusion to which no response is required. To the extent a response is required, Zillow denies the allegations and characterizations in that sentence. Zillow admits that it uses FUB to track certain aspects of Preferred agents' compliance with Zillow's performance standards for that program. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 99.

100. Zillow denies the allegations in Paragraph 100.

101. Zillow denies the allegations in Paragraph 101.

102. This paragraph is a claim for damages to which no response is required. To the extent a response is required, Zillow denies that Plaintiffs are entitled to any damages, costs, attorneys' fees, or injunctive relief.

**COUNT TWO — SHERMAN ACT SECTION 1, 15 U.S.C. § 1**

**(Unreasonable agreement in restraint of trade)**

**(Against all Defendants, on behalf of the Nationwide Class)**

103. Zillow reiterates its responses to the preceding paragraphs of this Answer as if fully set forth herein.

104. Zillow denies the allegations in Paragraph 104.

105. Zillow denies the allegations in Paragraph 105.

106. Zillow denies the allegations in Paragraph 106.

107. Zillow denies the allegations in Paragraph 107.

108. Zillow denies the allegations in Paragraph 108.

109. Zillow denies the allegations in Paragraph 109.

110. Zillow denies the allegations in Paragraph 110.

111. This paragraph is a claim for damages to which no response is required. To the extent a response is required, Zillow denies that Plaintiffs are entitled to any damages, costs, attorneys' fees, or injunctive relief.

**COUNT THREE—SHERMAN ACT SECTION 2, 15 U.S.C. § 2**

**(Abusing monopoly power)**

**(Against all Defendants, on behalf of the Nationwide Class)**

112. Zillow reiterates its responses to the preceding paragraphs of this Answer as if fully set forth herein.

113. The first sentence of Paragraph 113 is a legal conclusion to which no response is required; to the extent a response is required, Zillow denies the allegation. To the extent Plaintiffs are relying on the external sources cited at footnotes 6 and 29 of the ACAC, those sources speak for themselves. Zillow otherwise denies the allegations in Paragraph 113.

114. Zillow denies the allegations in Paragraph 114.

115. The first sentence of Paragraph 115 is a legal conclusion to which no response is required; to the extent that a response is required, Zillow denies that allegation. Zillow admits that it uses FUB to track certain aspects of Preferred agents' compliance with Zillow's performance standards for that program. Except as expressly admitted herein, Zillow denies the allegations in Paragraph 115.

116. Zillow denies the allegations in Paragraph 116.

117. This paragraph is a claim for damages to which no response is required. To the extent a response is required, Zillow denies that Plaintiffs are entitled to any damages, costs, attorneys' fees, or injunctive relief.

**COUNT FOUR — WASHINGTON CONSUMER PROTECTION ACT, WASH. REV. CODE § 19.86.010 *ET SEQ*.**

**(State antitrust law)**

**(Against Washington-domiciled Defendants, on behalf of the Nationwide Class, or in the alternative on behalf of the Washington Class)**

118. Zillow reiterates its responses to the preceding paragraphs of this Answer as if fully set forth herein.

119. Paragraph 119 contains statements of law to which no response is required. To the extent a response is required, Zillow admits that Washington Revised Code section 19.86.040 contains the quoted text. Except as expressly admitted herein, Zillow denies the allegations of Paragraph 119.

120. The first sentence of Paragraph 120 contains a statement of law to which no response is required. To the extent a response is required, Zillow admits that Washington Revised Code section 19.86.030 contains the quoted text. Except as expressly admitted herein, Zillow denies the allegations of Paragraph 120.

121. Paragraph 121 contains statements of law to which no response is required. To the extent a response is required, Zillow admits that Washington Revised Code section 19.86.050 contains the quoted text. Except as expressly admitted herein, Zillow denies the allegations of Paragraph 121.

122. Zillow denies the allegations of Paragraph 122.

123. Zillow denies the allegations of Paragraph 123.

124. Zillow denies the allegations of Paragraph 124.

125. Zillow denies the allegations of Paragraph 125.



WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

126. This paragraph is a claim for damages to which no response is required. To the extent a response is required, Zillow denies that Plaintiffs are entitled to any damages, costs, attorneys' fees, or injunctive relief.

**COUNT FIVE — WASHINGTON CONSUMER PROTECTION ACT, WASH. REV. CODE § 19.86.010 *ET SEQ*.**

**(Unfair or deceptive practices)**

**(Against Washington-domiciled Defendants, on behalf of the Nationwide Class, or in the alternative on behalf of the Washington class)**

127. Zillow reiterates its responses to the preceding paragraphs of this Answer as if fully set forth herein.

128. Paragraph 128 contains statements of law to which no response is required. To the extent a response is required, Zillow admits that Washington Revised Code section 19.86.020 contains the quoted text. Except as expressly admitted herein, Zillow denies the allegations of Paragraph 128.

129. Zillow denies the allegations of Paragraph 129.

130. Zillow denies the allegations of Paragraph 130.

131. Paragraph 131 contains statements of law to which no response is required. To the extent a response is required, Zillow admits that Washington Revised Code section 18.86.030 contains the quoted text. Except as expressly admitted herein, Zillow denies the allegations of Paragraph 131.

132. Zillow denies the allegations of Paragraph 132.

133. Zillow denies the allegations of Paragraph 133.

134. Zillow denies the allegations of Paragraph 134.

135. Zillow denies the allegations of Paragraph 135.

136. Zillow denies the allegations of Paragraph 136.

137. Zillow denies the allegations of Paragraph 137.



WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

138. Zillow denies the allegations of Paragraph 138.

139. This paragraph is a claim for damages to which no response is required. To the extent a response is required, Zillow denies that Plaintiffs are entitled to any damages, costs, attorneys' fees, or injunctive relief.

**COUNT SIX — UNJUST ENRICHMENT**

**(Against Washington-domiciled Defendants, on behalf of the Nationwide Class, or in the alternative on behalf of the Washington class)**

140. Zillow reiterates its responses to the preceding paragraphs of this Answer as if fully set forth herein.

141. Paragraph 141 contains a claim for relief to which no response is required. To the extent a response is required, Zillow denies these allegations.

142. Zillow denies the allegations of Paragraph 142.

143. Zillow denies the allegations of Paragraph 143.

144. Zillow denies the allegations of Paragraph 144.

145. Zillow denies the allegations of Paragraph 145.

146. Zillow denies the allegations of Paragraph 146.

147. Zillow denies the allegations of Paragraph 147.

148. This paragraph is a claim for relief to which no response is required. To the extent a response is required, Zillow denies that Plaintiffs are entitled to any of the requested relief.

**COUNT SEVEN — MARYLAND ANTITRUST ACT**

**Md. Comm. law § 11–201 *et seq*.**

**(Against all Defendants on behalf of the Maryland class)**

149. Zillow reiterates its responses to the preceding paragraphs of this Answer as if fully set forth herein.

150. Paragraph 150 contains statements of law to which no response is required. To the extent a response is required, Zillow admits that Maryland Commercial Law Code sections 11–


WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

204(a)(2) and (a)(6) contain the quoted text. Except as expressly admitted herein, Zillow denies the allegations of Paragraph 150.

151. Zillow denies the allegations of Paragraph 151.

152. Zillow denies the allegations of Paragraph 152.

153. This paragraph is a claim for damages to which no response is required. To the extent a response is required, Zillow denies that Plaintiffs are entitled to any damages, costs, attorneys' fees, or injunctive relief.

**COUNT EIGHT — MARYLAND UNJUST ENRICHMENT**

**(Against all Defendants on behalf of the Maryland Class)**

154. Zillow reiterates its responses to the preceding paragraphs of this Answer as if fully set forth herein.

155. Paragraph 155 contains a claim for relief to which no response is required. To the extent a response is required, Zillow denies these allegations.

156. Zillow denies the allegations of Paragraph 156.

157. Zillow denies the allegations of Paragraph 157.

158. Zillow denies the allegations of Paragraph 158.

159. Zillow denies the allegations of Paragraph 159.

160. Zillow denies the allegations of Paragraph 160.

161. Zillow denies the allegations of Paragraph 161.

162. This paragraph is a claim for relief to which no response is required. To the extent a response is required, Zillow denies that Plaintiffs are entitled to any of the requested relief.

**COUNT NINE — OREGON UNFAIR TRADE PRACTICES ACT**

**Or. Rev. Stat § 646.605 *et seq*.**

**(Against All Defendants, on behalf of the Oregon class)**

163. Zillow reiterates its responses to the preceding paragraphs of this Answer as if fully set forth herein.



WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

164. Paragraph 164 contains statements of law to which no response is required. To the extent a response is required, Zillow admits that the Oregon Revised Statute section 646.608(1)(o) contains the quoted text. Except as expressly admitted herein, Zillow denies the allegations of Paragraph 164.

165. Zillow denies the allegations of Paragraph 165.

166. Zillow denies the allegations of Paragraph 166.

167. Paragraph 167 contains statements of law to which no response is required. To the extent a response is required, Zillow admits that the Oregon Revised Statute section 646.608(1)(u) contains the quoted text. Zillow further admits that Oregon Revised Statute section 646.608(4) states that "[a]n action or suit may not be brought under subsection (1)(u) of this section unless the Attorney General has first established a rule . . . declaring the conduct to be unfair or deceptive in trade or commerce." Except as expressly admitted herein, Zillow denies the allegations of Paragraph 167.

168. This paragraph is a claim for damages and other relief to which no response is required. To the extent a response is required, Zillow denies that Plaintiffs are entitled to any damages, costs, attorneys' fees, or injunctive relief.

**COUNT TEN — OREGON UNJUST ENRICHMENT**

**(Against all Defendants on behalf of the Oregon Class)**

169. Zillow reiterates its responses to the preceding paragraphs of this Answer as if fully set forth herein.

170. Paragraph 170 contains a claim for relief to which no response is required. To the extent a response is required, Zillow denies these allegations.

171. Zillow denies the allegations of Paragraph 171.

172. Zillow denies the allegations of Paragraph 172.

173. Zillow denies the allegations of Paragraph 173.

174. Zillow denies the allegations of Paragraph 174.


WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

175. Zillow denies the allegations of Paragraph 175.

176. Zillow denies the allegations of Paragraph 176.

177. This paragraph is a claim for relief to which no response is required. To the extent a response is required, Zillow denies that Plaintiffs are entitled to any of the requested relief.

## VII. PRAYER FOR RELIEF

Zillow denies that Plaintiffs are entitled to any of the relief they have requested in the ACAC. Wherefore, Zillow respectfully request the following relief:

1. That Plaintiffs take nothing by way of their complaint;
2. That no class be certified in this action;
3. That judgment be entered in favor of Zillow, denying Plaintiffs' prayers for relief and claims with prejudice;
4. That Zillow be awarded costs of suit, including reasonable attorneys' fees; and,
5. That the Court award Zillow such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

Zillow demands a trial by jury of all issues so triable.

## AFFIRMATIVE DEFENSES

Zillow asserts the following defenses without admitting or acknowledging that Zillow bears the burden of proof as to any of the following affirmative or other defenses on which it would not otherwise bear the burden of proof. Zillow reserves the right to amend its defenses and to add additional defenses, including, but not limited to, any defenses revealed during discovery.

### FIRST DEFENSE
### (Plaintiffs Lack Article III Standing)

Each Plaintiff's claims are barred, in whole or in part, because each Plaintiff lacks Article III standing to bring his, her or its claims. At minimum, each Plaintiff lacks standing to assert claims based on the disclosure of third parties' information or based on payments by third parties


WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

to Zillow, and each Plaintiff lacks standing to obtain injunctive relief to the extent that they no longer use Zillow's services.

**SECOND DEFENSE**
**(Plaintiffs Lack Antitrust Standing)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack antitrust standing to bring their claims. Any harm Plaintiffs have suffered is too remote or is outside the markets that they allege are relevant to their claims. At minimum, each Plaintiff that did not purchase FUB or compete with FUB in a relevant market does not have standing to assert antitrust tying claims pertaining to FUB; each Plaintiff that did not purchase from ZHL or compete with ZHL lacks standing to assert antitrust tying or steering claims pertaining to ZHL; and each Plaintiff that did not pay any referral fees through the Zillow Preferred program lacks standing to assert antitrust damages based on allegedly supracompetitive referral fees.

**THIRD DEFENSE**
**(Plaintiffs Are Not Direct Purchasers)**

Each Plaintiff that did not purchase directly from Zillow lacks standing to recover damages. At minimum, each Plaintiff agent who paid Zillow through their managing broker or brokerage lacks standing under federal law or Washington law to recover damages for purported supracompetitive overcharges connected to those payments.

**FOURTH DEFENSE**
**(No Harm to Competition)**

Plaintiffs' claims are barred, in whole or in part, because Zillow's conduct has not harmed competition. Zillow's decisions about how to make connections between real estate agents and users of its home search platform have not harmed competition in any alleged relevant market. Zillow's decisions about how to structure the Zillow Premier and Preferred programs have not harmed competition in any alleged relevant market.


WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

**<u>FIFTH DEFENSE</u>**
**(Rule of Reason Applies)**

Plaintiffs have failed to demonstrate a *per se* antitrust case and thus the Rule of Reason applies, including because Zillow does not have market power in the alleged market for real estate referrals.

**<u>SIXTH DEFENSE</u>**
**(Business Justification)**

Zillow's conduct, including its conduct related to Premier Agent, Preferred Agent, ZHL, and FUB, is justified in that it serves one or more legitimate business purposes, including without limitation promoting a high-quality customer experience, preventing discrimination and harassment, and preventing fraud.

**<u>SEVENTH DEFENSE</u>**
**(Procompetitive Benefits)**

Zillow's conduct has resulted in enhanced efficiencies and procompetitive benefits for Zillow's business and its consumers, including without limitation improving the quality of Zillow's platform, ZHL, and increasing the quantity of successful connections between agents and prospective home buyers and sellers.

**<u>EIGHTH DEFENSE</u>**
**(Reasonableness)**

Zillow's acts and/or practices were reasonable in relation to the development and preservation of its business, including without limitation by improving the quality of Zillow's platform, ZHL, and by increasing the quantity of successful connections between agents and prospective home buyers and sellers.

//

//

//



WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

**NINTH DEFENSE**
**(Existence of Enforceable Contract)**

To the extent each Plaintiff's unjust enrichment claims concern payments governed by an agreement with Zillow, those claims are barred, in whole or in part, because an enforceable contract between Zillow and each Plaintiff covers the same subject matter.

**TENTH DEFENSE**
**(No False, Misleading, or Deceptive Statements)**

Plaintiffs' claims are barred, in whole or in part, because Zillow's statements about the Premier and Preferred programs were not false and were unlikely to mislead or deceive agents or consumers.

**ELEVENTH DEFENSE**
**(Acts of Third Parties)**

Plaintiffs' injuries, losses, or damages (if any) resulted, in whole or in part, from the acts or omissions of third parties over whom Zillow had no control. The acts of such third parties constitute intervening or superseding causes of the harm, if any, suffered by Plaintiffs. At minimum, each Plaintiff whose alleged injuries were caused by the independent, uncoerced decision of their team lead, managing broker, or brokerage to prioritize Zillow Preferred target metrics over other business priorities has not been harmed by Zillow.

**TWELFTH DEFENSE**
**(Failure to Join an Indispensable Party)**

Plaintiffs have failed to join all parties necessary for a just adjudication of their purported claims, including the brokerage(s) at which Plaintiffs were employed or independent contractors.

**THIRTEENTH DEFENSE**
**(Less Restrictive Alternatives Ineffective)**

Any less restrictive alternatives to Zillow's conduct would not have been as effective in serving Zillow's procompetitive purposes without significantly increased cost.


WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

**<u>FOURTEENTH DEFENSE</u>**
**(Statute of Limitations)**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, including without limitation the one-year statute of limitations for claims under Oregon's UTPA, because Plaintiff Alvarez knew or should have known of Zillow's alleged conduct no later than May 2024. *See* Or. Rev. Stat. § 646.638(6).

**<u>FIFTEENTH DEFENSE</u>**
**(Laches)**

To the extent Plaintiffs' claims are based on long-completed acquisitions or mergers, Plaintiffs' claims for equitable relief are barred, in whole or in part, under the doctrine of laches.

**<u>SIXTEENTH DEFENSE</u>**
**(Failure to Mitigate Damages)**

Plaintiffs failed to exercise reasonable care and prudence to take actions to avoid or reduce damages, if any, including to the extent they failed to pursue other available options for referrals.

**<u>SEVENTEENTH DEFENSE</u>**
**(Damages Are Speculative)**

Plaintiffs' damages, if any, are speculative, contingent on future events, or conjectural, including without limitation Plaintiffs' reliance on unfounded assumptions of continued success in attracting customers to their businesses.

**<u>EIGHTEENTH DEFENSE</u>**
**(No Damages Causation)**

Plaintiffs' damages, if any, were not caused by Zillow's conduct, including without limitation because Plaintiffs have not shown they would have paid less for referrals or customer relationship management software absent Zillow's conduct.



WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

**NINETEENTH DEFENSE**
**(Self-Inflicted Harm)**

To the extent that Plaintiffs continued or continue to use Zillow's services, Plaintiffs' damages, if any, are self-inflicted.

**TWENTIETH DEFENSE**
**(Adequate Remedy at Law)**

Plaintiffs' claims for unjust enrichment and request for injunctive relief are barred, in whole or in part, by the existence of adequate remedies at law, including without limitation because Plaintiffs' relationship with Zillow is governed by an enforceable contract pertaining to the same subject matter as Plaintiffs' claims, and because Plaintiffs assert antitrust claims based on the same alleged overcharges that they claim constitute unjust enrichment.

**TWENTY-FIRST DEFENSE**
**(No Reasonable Likelihood of Repetition)**

Plaintiffs' request for injunctive relief is barred, in whole or in part, because there is no reasonable likelihood that Zillow will repeat any alleged violation, including because some Plaintiffs do not continue to use Zillow's services.

**TWENTY-SECOND DEFENSE**
**(No RESPA Violation)**

Plaintiffs' claims are barred, in whole or in part, to the extent they are predicated on an alleged violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA") because Zillow's conduct did not violate RESPA. Among other things: (a) a free, non-binding, non-exclusive pre-approval is not a "settlement service" or a "business incident to or part of" a settlement service, and encouraging a consumer to obtain one is not a "referral" of a settlement service; (b) no Plaintiff alleges that it paid any fee in connection with any settlement service; and (c) payments received by Zillow in connection with the Preferred program are


WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

payments pursuant to cooperative brokerage and referral arrangements between real estate brokers and agents, or for services actually performed, which RESPA expressly permits.

Dated: November 10, 2026

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Nicholas R. Sidney*
Nicholas R. Sidney, WSBA #54982
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Email: nsidney@wsgr.com

Beau W. Buffier (*pro hac vice*)
31 West 52nd Street, Fifth Floor
New York, New York 10019-6118
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: bbuffier@wsgr.com

Bonnie Lau (*pro hac vice*)
One Market Plaza, Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
Email: blau@wsgr.com

*Attorneys for Zillow Group, Inc., Zillow, Inc., Zillow Home Loans, LLC, Zillow Homes, Inc., and Zillow Listing Services, Inc.*